UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-60052-CV-COHN

TOWER INSURANCE COMPANY OF NEW YORK,

Magistrate Judge Seltzer

      Petitioner,

vs.

RAINBOW GRANITE & MARBLE, INC., a Florida
corporation, PEDRO OLIVEIRA and SANDRA CORRA

      Respondents.
_____/

**ORDER DENYING MOTION TO DISMISS PETITION**

**THIS CAUSE** is before the Court upon Respondents Pedro Oliveira and Sandra Corra's Motion to Dismiss the Petition for Declaratory Relief [DE 14], Respondent Rainbow Granite's Adoption of the Motion [DE 15] and Petitioner's Response to the Motion [DE 22].  The Court has carefully considered the motion and response and is otherwise fully advised in the premises.[1]

I.  BACKGROUND

Petitioner Tower Insurance Company ("Tower") filed this action seeking a declaratory judgment that it does not owe a duty to defend or to indemnify its insured, Rainbow Granite & Marble, Inc. ("Rainbow"), for any bodily injury claim of Pedro Oliveira and his wife, Sandra Corra (collectively, "Respondents").  The Petition alleges that Mr. Oliveira was injured on October 3, 2008 while working for Rainbow.  Petition, ¶10.  On December 2, 2009, through counsel, Oliveira and his spouse made a demand

---

[1] No reply memorandum was filed by Respondents.

upon Tower for payment of the $1 million policy limits.  Id., ¶ 11.  A dispute exists as to whether Mr. Oliveira was an independent contractor or an employee of Rainbow.  Id., ¶¶ 10, 12.   If an employee, then Tower alleges that the claims are excluded under the policy.  Id., ¶ 12.  Tower seeks a judicial determination that it has no duty to defend or to indemnify Rainbow.

Respondents have moved to dismiss the petition as premature because no personal injury action has been filed against Rainbow.  Petitioner opposes the motion.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  Taking the facts as true, a court may grant a motion to dismiss when,

"on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

## B.  Declaratory Judgment Action

Respondents argue that this declaratory judgment action is premature because no action has been filed seeking insurance benefits on Rainbow's policy with Petitioner. In order to have standing to pursue such an action, a party must have: (1) "personally suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision." GTE Directories Pub. Corp. v. Trimen America, Inc., 67 F.3d 1563, 1567 (11th Cir. 1995).  Although a case by case decision, the question in a Declaratory Judgment Act case "is whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id.  The Eleventh Circuit in GTE then went on in dicta to use an example that is directly on point to the case at bar: "The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example.  The injured person may not sue or he may not obtain a judgment

3

against the insured, but there is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible.  Id. at 1569.  In the present case, the facts alleged by Tower include that a claim was made under the policy by Respondents Oliviera and Corra, resulting in a threatened injury to Tower, the injury can be traced to a dispute regarding insurance coverage, and resolution of this action will decide the ripe controversy as to Tower's duty to defend and duty to indemnify Rainbow for the threatened claim.

Respondents rely upon district court decisions from the Southern District of Florida which indicate that "an insurers duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit."  Smithers Construction, Inc. v. Bituminous Casualty Corp., 563 F.Supp. 1345, 1348 (S.D. Fla. 2008).  However, the Smithers case involved a situation where there was an underlying state court liability action, and the federal court then held that the declaratory judgment action would proceed on the issue of the duty to defend and stayed as to the indemnification issue until resolution of the underlying action.  563 F.Supp. at 1349.  Thus, there is no basis to dismiss the present Petition with regard to resolving the duty to defend issue.  Since such resolution with regard to the disputed factual issue of whether Mr. Oliveira was an employee or independent contractor would also resolve the duty to indemnify, this Court will deny the motion to dismiss and proceed to hear this action on its merits.

III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Respondents Pedro Oliveira and Sandra Corra's Motion to Dismiss the Petition for Declaratory Relief [DE 14] is hereby **DENIED**;

2. Respondents shall file a Answer by May 12, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of April, 2010.

```
JAMES I. COHN
United States District Judge
```

copies to:

counsel of record on CM/ECF