UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CV-60052-COHN/SELTZER

TOWER INSURANCE COMPANY
OF NEW YORK,

      Petitioner,

v.

RAINBOW GRANITE & MARBLE, INC.,
a Florida corporation, PEDRO OLIVEIRA
and SANDRA CORRA,

      Respondents.
_____/

**DEFENDANT RAINBOW GRANITE & MARBLE, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant RAINBOW GRANITE & MARBLE, INC. ("RAINBOW" or "Defendant"), by its undersigned counsel, hereby files its Answer to Plaintiff TOWER INSURANCE COMPANY OF NEW YORK's ("Plaintiff") Complaint and states as follows:

**ANSWER**

1. This is an action by TOWER for declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 for the purpose of determining an actual controversy between the parties. TOWER seeks declaratory judgment concerning a dispute with the Respondents under the commercial general liability policy issued by TOWER to RAINBOW GRANITE & MARBLE, INC. as policy number LAS80300343-08, for the period of April 16, 2008 through April 16, 2009.

**RESPONSE: Defendant admits the truth of the allegations contained in paragraph 1 of the Complaint.**

2. TOWER seeks a declaratory judgment concerning its duty to defend and duty to indemnify RAINBOW GRANITE MARBLE, INC. for the bodily injury claim asserted against RAINBOW GRANITE & MARBLE, INC. by PEDRO OLIVEIRA and for the claim asserted by his wife SANDRA CORRA.

**RESPONSE: Defendant admits the truth of the allegations contained in paragraph 2 of the Complaint.**

THE PARTIES

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 10-CV-60052-COHN/SELTZER

3. Petitioner, TOWER, was and is an insurance company incorporated under the laws of New York, having its principal place of business in New York.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.**

4. On information and belief, RAINBOW GRANITE & MARBLE, INC. is a company incorporated under the laws of Florida, having its principal place of business in Pompano Beach, Florida.

**RESPONSE: Defendant admits the truth of the allegations contained in paragraph 4 of the Complaint.**

5. On information and belief, PEDRO OLIVEIRA is a resident of Palm Beach County, Florida and is otherwise *sui juris*.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.**

6. On information and belief, SANDRA CORRA is the wife of PEDRO OLIVEIRA, is a resident of Palm Beach County, Florida and is otherwise *sui juris*.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.**

JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, in that is involves parties of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.**

8. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391, as the incident which gave rise to this claim occurred at 1970 NW 22nd Street, Pompano Beach, Florida.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.**

THE UNDERLYING CLAIM

9.     TOWER issued to RAINBOW GRANITE & MARBLE, INC., a commercial general liability policy of insurance with policy number LA80300343-08 and effective dates of April 16, 2008 through April 16, 2009, (hereinafter, "The Policy").  A certified copy of the policy is attached hereto as Exhibit "A."

**RESPONSE:  Defendant admits the truth of the allegations contained in paragraph 9 of the Complaint.**

10.    PEDRO OLIVEIRA has asserted a claim against RAINBOW GRANITE & MARBLE, INC. for injuries he allegedly sustained as a result of an incident which occurred on October 3, 2008. Specifically, PEDRO OLIVEIRA claims that while he was working for RAINBOW GRANITE & MARBLE, INC. assisting to unload a slab of granite from a truck the granite fell from the mechanical arm of a forklift and onto PEDRO OLIVEIRA's right foot causing him to suffer injuries thereto.  PEDRO OLIVEIRA further claims that he worked for RAINBOW & MARBLE, INC. as an independent contractor.

**RESPONSE:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.**

11.    On December 2, 2009, PEDRO OLIVEIRA and SANDRA CORRA, his wife, through their attorney made a $1,000,000.00 policy limited demand to TOWER for the injuries PEDRO OLIVEIRA and SANDRA CORRA suffered and the damages they incurred as a result of the October 3, 2008 incident.

**RESPONSE:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.**

12.    TOWER's investigation into this incident indicates that PEDRO OLIVEIRA was an employee of RAINBOW GRANITE & MARBLE, INC. and not an independent contractor.  Therefore, PEDRO OLIVEIRA and SANDRA CORRA's claims against RAINBOW GRANITE & MARBLE, INC. are excluded under the terms of the Policy.

**RESPONSE:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.**

13.    As such, TOWER seeks a determination regarding its duty to defend and duty to indemnify RAINBOW GRANITE & MARBLE, INC.

**RESPONSE:  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.**

14.    PEDRO OLIVEIRA and SANDRA CORRA are proper parties to this lawsuit because their rights will be affected by this Court's declaration.

CASE NO. 10-CV-60052-COHN/SELTZER

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.**

15. The parties are controlled by the terms, conditions, limitations and exclusions of the Policy of commercial general liability insurance issued by TOWER to RAINBOW GRANITE & MARBLE, INC.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.**

16. The object of these proceedings is the construction of the rights, status and relationship of the parties herein concerning the subject incident and the contract of commercial general liability insurance issued by TOWER to RAINBOW GRANITE & MARBLE, INC.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.**

17. TOWER seeks a judicial determination that it has no duty to defend or duty to indemnify RAINBOW GRANITE & MARBLE, INC. for the claims asserted by PEDRO OLIVEIRA and SANDRA CORRA.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.**

18. TOWER has fully complied with and performed all conditions precedent to bringing this action for declaratory relief.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.**

THE POLICY

19. The TOWER policy contains the following provisions, terms, definitions and exclusions, which state, in pertinent part, as follows:

SECTION 1-COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

4

not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \*

  b. This insurance applies to "bodily injury" and "property damage" only if:
    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

\* \* \*

2. Exclusions
This insurance does not apply to:

\* \* \*

  d. Workers' Compensation And Similar Laws
    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

  e. Employer's Liability
    "Bodily Injury" to:

    (1) An "employee" of the insured arising out of and in the course of:
      (a) Employment by the insured; or
      (b) Performing duties related to the conduct of the insured's business; or
    (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

    (1) Whether the insured may be liable as an employer or in any other capacity; and
    (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\* \* \*

COVERAGE C MEDICAL PAYMENTS
1. Insuring Agreement
  a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

    (1) On premises you own or rent:
    (2) On ways next to premises you own or rent; or
    (3) Because of your operations;

    Provided that:

    (1)    The accident takes place in the "coverage territory" and during the policy period.

    (2)    The expenses are incurred and reported to us within one year of the date of the accident; and

    (3)    The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

\* \* \*

2.    Exclusions

We will not pay expenses for "bodily injury":

    a.    Any insured

    To any insured, except "volunteer workers".

    b.    Hired Person

    To a person hired to do work for or on behalf of any insured or a tenant of any insured.

\* \* \*

    d.    Workers Compensation And Similar Laws

    To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

\* \* \*

    g.    Coverage A Exclusions

    Excluded under Coverage A.

\* \* \*

SECTION II-WHO IS AN INSURED

1.    If you are designated in the Declarations as:

\* \* \*

    d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\* \* \*

2. Each of the following is also an insured:

   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or managers (if you are a limited liability company), but only for acts within the scope of their employment by your or while performing duties related to the conduct of your business.

**RESPONSE: RAINBOW refers to the Policy for its lawful interpretation and effect.**

<u>COUNT I – COVERAGE IS EXCLUDED</u>

20. TOWER adopts and re-alleges paragraphs 1 – 19 as if fully set forth herein.

**RESPONSE: Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.**

21. PEDRO OLIVEIRA and SANDRA CORRA's claims against TOWER arise out of RAINBOW GRANITE & MARBLE, INC.'s employment of PEDRO OLIVEIRA, and thus coverage for PEDRO OLIVEIRA and SANDRA CORRA's claims are excluded under the terms of the Policy.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.**

WHEREFORE, Defendant RAINBOW GRANITE & MARBLE, INC., having answered the Complaint, seeks a dismissal of all claims and an award of costs and attorneys' fees, if applicable, together with such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>LEE & AMTZIS, P.L.</u>
ATTORNEYS AT LAW

CASE NO. 10-CV-60052-COHN/SELTZER

| | |
|---|---|
| Dated: May 4, 2010<br>       Boca Raton, Florida | Respectfully submitted,<br><br>_____<br>WAYNE H. SCHWARTZ (Bar No. 907390)<br>schwartz@leeamlaw.com<br>Lee & Amtzis, P.L.<br>5550 Glades Road, Suite 401<br>Boca Raton, FL  33431<br>Telephone:  (561) 981-9988<br>Facsimile:  (561) 981-9980<br>**Attorneys for Defendant**<br>**RAINBOW GRANITE & MARBLE, INC.** |